**UNITED TOBACCO WAREHOUSE CO., INC., Appellant,**

**v.**

**Orville WELLS et al., Appellees.**

Court of Appeals of Kentucky.
Jan. 19, 1973.

James D. Rouse, Rouse, Rouse & Hellard, Versailles, John C. Darsie, Jr., Versailles, for appellant.

Weldon Shouse, Shouse, Barker & King, Lexington, for appellees Orville Wells and Anglin Avenue Tobacco Warehouse Co.

Richard Compton, Todd, Compton & Odell, Lexington, for appellee First Nat. Bank & Trust Co.

E. SKILES JONES, Special Commissioner.

On November 22, 1968, United Tobacco Warehouse Company brought an action in the Fayette Circuit Court attaching the sum of $15,418.41, representing the total proceeds of tobacco sales made by Anglin Avenue Tobacco Warehouse on behalf of Orville Wells.

Orville Wells, a resident of Fayette County, was indebted to United Tobacco Warehouse Company of Lexington, Kentucky.

United secured from Wells a promissory note, security agreement, and financing statement on August 5, 1968. The financing statement was filed by United in both Fayette and Scott Counties. The financing statement covered the same crop of tobacco to be grown in Scott County in 1968 as that covered by the bank's security agreement. During 1968, Anglin Avenue Tobacco Warehouse advanced Wells money to grow, harvest, and sell tobacco crops in both Scott and Fayette Counties. Wells gave Anglin notes as follows:

| | |
|---|---|
| May 23, 1968 | $1,004.25 |
| July 5, 1968 | 1,174.45 |
| July 23, 1968 | 1,200.00 |
| August 19, 1968 | 2,629.80 |
| September 14, 1968 | 804.25 |
| October 8, 1968 | 604.25 |
| October 30, 1968 | 600.00 |
| November 11, 1968 | 800.00 |

These notes were secured by chattel mortgages [1] filed only in the Fayette County Clerk's office on the following dates and to secure the following amounts:

| | |
|---|---|
| May 23, 1968 | $1,004.25 |
| July 5, 1968 | 5,004.25 |
| September 16, 1968 | 804.25 |
| October 10, 1968 | 2,004.25 |

In addition to other securities, all of the above chattel mortgages covered Wells' interest in the tobacco crop to be grown in Scott County, being the same crop covered by United's security agreements.

This appeal by United from the trial court's judgment is limited to that portion which grants Anglin a prior lien over United in the proceeds of the Scott County tobacco crop.

KRS 355.9–312(2) provides:

"A perfected security interest in crops for new value given to enable the debtor to produce the crops during the production season and given not more than three months before the crops become growing crops by planting or other-

---

[1]. See KRS 355.9–402, where chattel mortgage, or other instrument referred to in KRS 186, shall be deemed to mean financing statements.

wise takes priority over an earlier perfected security interest to the extent that such earlier interest secures obligations due more than six months before the crops become growing crops by planting or otherwise, even though the person giving new value had knowledge of the earlier security interest."

The language of this statute is clear and unambiguous. There is no dispute here that Anglin gave new value. The questions are, Did Anglin have a perfected security interest in the Scott County tobacco crop? and Was it necessary for Anglin to file a chattel mortgage, financing statement or security agreement in the Scott County Court Clerk's office in order to perfect a security interest for new value?

KRS 355.9-302(1) provides: "A financing statement must be filed to perfect all security interests except the following * * *." None of the stated exceptions exempts Anglin from the requirement of filing its chattel mortgage and/or financing statement in Scott County in order to perfect its security interest.

KRS 355.9-401 provides:

"(1) The proper place to file in order to perfect a security interest in as follows:

(a) * * * in the office of the county clerk of county of the debtor's residence * * * and in addition when the collateral is crops in the office of the county clerk in the county where the land on which the crops are growing or to be grown is located."

This statute means exactly what it says. Anglin, having failed to file a chattel mortgage, financing statement or, security agreement in the Scott County Clerk's office, failed to perfect its security interest in the Scott County tobacco crop.

Therefore, the trial court's judgment is reversed insofar as it holds that Anglin Avenue is entitled to a first lien on the proceeds of the Scott County tobacco crop, and the appellant is adjudged a first lien in the property after deducting the sum of $1,188 advanced by Anglin pursuant to court order.

All concur.